## DOEBEL ET AL. v. CURNAYN.

*Negligence—Pleadings liberally construed, when—Negligent operation of automobile.*

In an action to recover damages for personal injuries alleged to be caused by defendant's negligence, the pleadings will be liberally construed with the view of accomplishing substantial justice, and where the petition is fairly susceptible of a construction which amounts to a general charge of negligence it will be so construed in the absence of a motion to make more definite and certain.

(Decided February 5, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Frank H. Lill; Messrs. Harmon, Colston, Goldsmith & Hoadly* and *Mr. Benton S. Oppenheimer,* for plaintiffs in error.
*Messrs. Clore, Schwab & McCaslin,* for defendant in error.

BY THE COURT. The original action was commenced by Isaac W. Curnayn to recover damages for personal injuries against the two defendants, Albert Doebel and Fred Girten. The trial resulted in a verdict and judgment in favor of plaintiff in the sum of $5,000, against both defendants.

The record discloses in brief that the plaintiff below was standing on the sidewalk near the northwest corner of Spring Grove avenue and Dane street, in the city of Cincinnati, and that Doebel was driving a car on the northerly side of Spring Grove avenue, proceeding in a westerly direction, approaching the intersection, while at

the same time the defendant Girten was driving a car on the same avenue, going in the opposite direction, and approaching the same intersection. As Girten and Doebel approached the intersection, Girten swerved his car to the left in an attempt to turn north on Dane street, and the two cars collided, the Doebel car, as a result of the collision, being forced onto the sidewalk against Curnayn and causing him serious injuries. No argument was made in this court on behalf of Doebel.

While the petition in error avers the commission of various errors in the trial of the case, reliance is placed chiefly on the refusal of the trial judge to give to the jury before argument the following written instruction:

"The defendant Girten moves the court to charge the jury that before they can return a verdict in this case against the defendant Girten, the plaintiff must prove by a preponderance of the evidence, first, that the defendant Girten was negligent in the particulars charged in the plaintiff's petition, to-wit, that before turning into Dane street to the left he failed to pass to the right of and beyond the center of the street intersection before turning, and that if you so find Girten was negligent you must further find that such negligence was the proximate cause or contributed proximately to cause the happening of the accident."

It is insisted on behalf of plaintiff in error that the only negligence that was charged in the petition of the plaintiff below is that which is recited in the written request, above quoted, and that the trial judge committed prejudicial error in refusing to give that instruction to the jury.

Recurring to the petition filed in the trial court,

it appears that the plaintiff avers acts of negligence on the part of defendant Doebel, while he, plaintiff, was standing on the sidewalk near the northwest corner of Dane street and Spring Grove avenue, after which averments against defendant Doebel he makes the following averment against the other defendant, Fred Girten:

"Plaintiff further states that at the time and place aforesaid the defendant Fred Girten was operating a certain Ford touring car eastwardly on the south side of Spring Grove avenue, and negligently and carelessly, and in violation of Sub-section 9 of Section 680-2 of the traffic ordinance of the City of Cincinnati, which reads as follows, 'Any vehicle turning into another street to the left shall pass to the right of and beyond the center of the street intersection before turning,' turned his machine to the left in order to proceed north-wardly along Dane street before he, the said Fred Girten had reached the center line of the said Dane street."

No motion was made by the defendants to make the petition more definite and certain.

It is a well-known principle of law, supported by statutory authority, that pleadings must be liberally construed, with a view to accomplish substantial justice, and we think a fair construction of the petition filed in the case at bar does not limit the averments of negligence as closely as is set forth in the instruction which was refused by the trial court. Construing the petition liberally in favor of the pleader, it can reasonably be held to aver that the defendant, Fred Girten, operated his Ford car eastwardly in a negligent and careless manner, and in violation of the traffic ordinance of

the city of Cincinnati. The language used by the pleader is fairly susceptible of such a construction as amounts to a general charge of negligence and carelessness, and a specific charge of violating the section of the traffic ordinance set forth in the petition, and is sufficient for that purpose in the absence of a motion to make more definite and certain.

The record discloses that evidence relating to all of the negligent conduct of the defendants on the occasion under investigation was received by the trial court without objection, and it does not appear from the record that Girten was in any wise misled by the course which the trial took.

The case is farly within the authority of *Mahoning Valley Ry. Co.* v. *Seefred,* 19 C. C., N. S., 262. See also *Rayland Coal Co.* v. *McFadden, Admr.,* 90 Ohio St., 183.

We find no error justifying a reversal of the judgment, and the same will be affirmed.

*Judgment affirmed.*

RICHARDS, J., (of the Sixth Appellate District, sitting in place of BUCHWALTER, J.), HAMILTON, P. J., and CUSHING, J., concur.